UNITED STATES of America, Plaintiff–Appellee,

v.

Nicasio CRUZ–GARCIA, a.k.a. Silvo Cruz Garcia, Defendant–Appellant.

No. 09–50516.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 19, 2010.*

Filed Aug. 2, 2010.

Timothy C. Perry, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Brian Paul Funk, Esquire, Law Offices of Brian P. Funk, San Diego CA., CA, for Defendant–Appellant.

Before: B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Nicasio Cruz–Garcia appeals from the 30–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cruz–Garcia's contention that his conviction under California Health and Safety Code section 11359 does not constitute a drug trafficking offense for purposes of the Sentencing Guidelines is foreclosed. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1097 (9th Cir.2007). The district court properly considered Cruz–Garcia's other prior convictions under 18 U.S.C. § 3553(a). We need not decide whether the district court erred by considering Cruz–Garcia's arrests because Cruz–Garcia fails to establish that any error affected his substantial rights. *See United States v. Waknine*, 543 F.3d 546, 553 (9th

Cir.2008) (describing plain error standard). Under the totality of the circumstances, the bottom-of-the-Guidelines sentence imposed by the district court was substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc). Given Cruz–Garcia's criminal history, we reject his contention that his sentence is substantively unreasonable under our decision in *United States v. Amezcua–Vasquez*, 567 F.3d 1050 (9th Cir.2009). *See id.* at 1055–56 (Guidelines-range sentence determined largely by a 16–level enhancement for a prior conviction was unreasonable where the prior conviction was twenty-five years old and defendant had no subsequent convictions for harming others).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

